97 F.3d 1453
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Emmanuel Mensai OKAI, Defendant-Appellant.
 No. 96-3222.
 United States Court of Appeals, Sixth Circuit.
 Sept. 25, 1996.
 
 Before: NORRIS, SUHRHEINRICH, and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 This is a direct appeal from an order denying a request for discovery in order to prepare a motion to vacate sentence under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1994, Emmanuel Mensai Okai was convicted after a guilty plea of one count of conspiracy to import and attempting to import cocaine, in violation of 21 U.S.C. §§ 952 and 963. Okai was given a 120 month sentence and his conviction was affirmed in its entirety on direct appeal. United States v. Adesida, Nos. 94-3783/3784/3869, 1995 WL 566929 (6th Cir. Sept. 25, 1995).
 
 
 3
 In 1995, Okai filed a motion for discovery in the district court in which he sought the production of documents and transcripts related to his conviction. The district court denied the motion and this appeal followed. The parties have briefed the issues; Okai is proceeding without benefit of counsel.
 
 
 4
 The usual rule is that a district court's decision in a discovery request will not be disturbed on appeal absent an abuse of discretion. See, e.g., Muzquiz v. W.A. Foote Memorial Hosp., Inc., 70 F.3d 422, 430 (6th Cir.1995). The same standard applies to specific portions of Okai's motion, for instance, review of a district court's judgment denying a request to disclose grand jury testimony. Douglas Oil Co. of California v. Petrol Stops Northwest, 441 U.S. 211, 223 (1979). An examination of the record and law reflects that the district court's decision to deny the motion in its entirety was not an abuse of its discretion.
 
 
 5
 Okai pleaded guilty to having taken part in a conspiracy to import and distribute cocaine and his conviction was affirmed on direct appeal. Okai subsequently filed the present motion for discovery in which he requested virtually all of the materials in the possession of the government relating to Okai's prosecution. This material included transcripts of grand jury testimony, other relevant transcripts and Jencks Act materials. Okai listed three different sources of authority for the motion and noted that he wished to review these materials in the development and preparation of 28 U.S.C. § 2255 proceedings. Okai did not file a § 2255 motion to vacate sentence either before or after the discovery request. The district court denied the motion for lack of jurisdiction.
 
 
 6
 Okai's pro se appellate filings are essentially restatements of his original position, namely, he needs to review the entirety of the government's file in this matter in order to remedy the injustice of his conviction. This position, one that could be raised by almost every person convicted of a crime, is not persuasive. There is no general constitutional right to discovery in criminal cases as asserted by Okai. United States v. Presser, 844 F.2d 1275, 1281 (6th Cir.1988). Neither does Okai have a specific right to the material he seeks. A request to examine grand jury testimony, for example, will only be granted in the most exceptional circumstances. In re Antitrust Grand Jury, 805 F.2d 155, 162 (6th Cir.1986). In addition, a convicted defendant does not enjoy an unfettered right to a transcript at government expense to assist him in the preparation of a collateral attack on the conviction. See United States v. MacCollom, 426 U.S. 317, 323-24 (1976). There is no discovery "in the air" in the absence of a definitive deprivation of fundamental fairness that cannot be cured through the channels provided. The district court properly noted that Okai must file an antecedent action of some kind (presumably a § 2255 motion to vacate) in order to take advantage of the discovery provisions provided therein.
 
 
 7
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.